## KEEPING SALOONS OPEN DURING A TIME OF TUMULT OR RIOT.

Common Pleas Court of Franklin County.

LAWRENCE RIEHL v. THE STATE OF OHIO.

Decided, December 23, 1910.

*Criminal Law—Constitutionality of Section 12806—Issuance of Proclamation Thereunder by Mayor—Not a Delegation of Legislative Power—But a Determination of Fact Which Puts the Law Into Operation.*

1. Section 12806, in so far as it provides that when the mayor of a city determines the fact of the existence of tumult, riot, or reasonable apprehension thereof, he may issue a proclamation against the keeping open of any saloon until the proclamation shall be withdrawn, and providing punishment for the violation of such a proclamation, is constitutional and valid.

2. Where the evidence shows that one who has been brought to trial under this statute violated such a proclamation, and that there was at the time of the issuance of the proclamation a tumult, riot, or reasonable apprehension thereof, a conviction must be upheld notwithstanding no proof was offered of knowledge on the part of the accused of the issuance of the proclamation.

*C. D. Saviers,* for plaintiff in error.
*H. S. Kerr,* contra.

KINKEAD, J.

This is a proceeding in error from the police court of the city of Columbus, Ohio. The plaintiff in error was a saloon keeper, who is charged by an affidavit with violating a proclamation issued and published by the mayor requiring keepers of all saloons and places where intoxicating liquors are sold to be kept closed during the continuance of tumult, riot or a reasonable apprehension thereof, and until the withdrawal of said proclamation.

A motion to quash the affidavit and a demurrer thereto were filed in the court below, which were both overruled. The case was then tried to a jury, resulting in a verdict of conviction.

The grounds of error chiefly complained of here is the over-ruling of the motion to quash and the demurrer to the affidavit. It is insisted also for that reason there should not have been any trial, and there are certain other errors complained of in the rulings of the court upon matters of evidence and in the charge to the jury.

There is serious difficulty involved in the conclusion upon these questions. In order to set out the questions, a copy of the affidavit and statute under which it was made will be set forth. The affidavit charges:

"That one Lawrence Riehl on the 28th day of July, A. D. 1910, at the city of Columbus, county of Franklin, and state of Ohio, being then and there the keeper of a certain saloon and place where intoxicating liquors are sold at retail as a beverage, located at No. 13 West State street in said city, did unlawfully and willfully keep open said saloon and place in violation of a certain proclamation, which said proclamation, on the 24th day of July, 1910, in said city was issued and published, as he, the said Lawrence Riehl then and there well knew, by George S. Marshall, who was on the days herein set forth, the mayor of the said city of Columbus, Ohio, said proclamation requiring the keepers of all said saloons and places where intoxicating liquors are sold at retail as a beverage in said city, to be closed on said 24th day of July and thereafter during the continuance of tumult, riot or a reasonable apprehension thereof, and until the withdrawal of said proclamation; said proclamation having been issued and continued in force as herein set forth, because there existed, at the times herein specified, in said city, in the opinion of said mayor, tumult, riot and reasonable apprehension thereof, and said proclamation there and on the times herein named being in full force and effect and not by said mayor withdrawn."

The statute in its original form, being Bates Revised Statutes, Section 3096a, constituted a single section as follows:

"Whenever in any municipal corporation there is, in the opinion of the mayor of said municipal corporation, a tumult, riot, mob or any body of men acting together with intent to commit a felony or to do or offer to do violence to person or property, or by force and violence to wreck property and resist the laws of this state, or there is reasonable apprehension thereof, the mayor of said municipal corporation shall issue his proclamation

requiring the keepers of all saloons, or places where intoxicating liquors are sold at retail as a beverage, to close such places of business and to keep such places of business closed during the continuance of such above described disturbance, when the mayor shall withdraw his proclamation. Whoever keeps open such place or fails to comply with such proclamation of said mayor, shall be fined not less than $100, nor more than $500, or imprisonment not less than ten days nor more than thirty days, or both.''

Under the chapter relating to the powers and duties of mayors, is the following:

''Section 4261. When in any municipal corporation there is, in the opinion of the mayor thereof, a tumult, riot, mob, or body of men acting together with intent to commit a felony or to do or offer to do violence to person or property, or by force and violence to wreck property and resist the laws of this state, or there is reasonable apprehension thereof, he shall issue his proclamation requiring the keepers of all saloons or places where intoxicating liquors are sold at retail as a beverage, to close such places of business and to keep them closed during the continuance of such above described disturbance, when the mayor shall withdraw his proclamation.''

In the criminal code the following section appears:

''Section 12806. Whenever, in a municipal corporation, after the mayor thereof has issued a proclamation requiring the keepers of saloons or places where intoxicating liquors are sold at retail as a beverage to close them and keep them closed during the continuance of a tumult, riot, mob or body of men acting together with intent to commit a felony or do violence to person or property, or, by force and violence to wreck property and resist law, or the reasonable apprehension thereof, keeps open a saloon or place where intoxicating liquor is sold as a beverage until the mayor shall withdraw such proclamation, or fails fully to comply with such proclamation, shall be fined not less than $100 or more than $500, or imprisonment not less than ten days not more than thirty days, or both.''

It will be noticed that this section makes two different acts unlawful and criminal, namely, (1) the keeping open of a saloon until the mayor shall withdraw such proclamation, or (2) failing fully to comply with such proclamation.

It will be observed that the affidavit distinctly charges that the plaintiff in error did unlawfully and willfully keep open said saloon and place. This allegation is coupled with the statement in violation of a certain proclamation. It seems to be an attempt to charge the defendant with a mere violation of the proclamation. But it does in fact charge that the place was kept open, which act is made unlawful by Section 12806.

Before stating more with reference to the validity of the affidavit, the question of the constitutionality of the statute raised by plaintiff in error will be discussed. It is urged that the law is unconstitutional, because the issuance of the proclamation by the mayor requiring the keepers of all saloons to be closed during the continuance of a riot is made to rest upon the opinion of the mayor. . In other words, it is urged that the violation charged against the defendant is a mere non-compliance with a law promulgated and made to depend upon the opinion of the mayor. If the facts were such as to show that a conviction was obtained for the mere violation of the proclamation, without showing that there was in fact at the time of the issuance thereof a tumult, riot, or reasonable apprehension thereof, the affidavit and the conviction thereon would, in the judgment of the court, be unwarranted in law. A law which would authorize a mayor to issue a proclamation and which would make the acts of violation thereof unlawful without regard to the actual facts could hardly be regarded as a law. In other words, it would be rather a delegation by the Legislature of the power upon a mayor to make a law according to his own fancy.

This court has recently had occasion to consider the question of the delegation of legislative power upon other bodies, and in that connection many of the cases cited by counsel for plaintiff in error were read and considered. I do not believe that Section 12806 as it now stands is within any constitutional inhibition. So far as that section provides that any one who keeps open a saloon or place where intoxicating liquor is sold as a beverage until the mayor shall withdraw such proclamation, the law in that respect is complete when it was passed by the Legislature. It merely delegates power to the mayor to ascertain and determine some fact, upon the existence of which and against

which the law will operate. The fact which the law commits to the judgment and discretion of the mayor is the ascertainment whether there is a tumult, riot, mob or body of men acting together with intent to commit a felony, or do violence to person or property, or, by force and violence, to wreck property and resist law, or the reasonable apprehension thereof. When the mayor ascertained this fact and determined that there exists a state of facts such as are made unlawful by this statute, he then simply issued a proclamation, and the proclamation puts the law into operation. The mayor does nothing whatever but to ascertain and determine the facts and issue the proclamation in compliance with the law. This class of legislation has been sanctioned by the court of last resort in this state from an early period in its history. The principle upon which these laws rest is that the law being complete in itself is made to operate whenever any executive ascertains and determines the existence of facts upon which or with respect to which it is made to operate. The earliest case is that of *C., W. & Z. Railroad Co.* v. *Commissioners,* 1 Ohio St., 77. See also *Gordon* v. *State,* 46 Ohio St., 607.

The judgment of the court, therefore, is that Section 12806 in so far as it provides that when the mayor of a city determines the fact of the existence of tumult, riot, etc., or the reasonable apprehension thereof, and any one keeps open a saloon or place in violation of the statute, may be punished therefor, is consitutional and valid.

Coming back to a consideration of the question whether the affidavit upon which this prosecution was made charges the unlawful act, the judgment of the court is that the affidavit contains enough facts to bring the case within the statute, although there might be much improvement made in drafting the same. While the court is of the opinion that a motion to quash might have been properly sustained in order to more clearly and definitely make the charge under the statute, it is of the opinion that there is sufficient substance in the charge to bring it within the statute.

An examination of the bill of exceptions also clearly shows that the conviction was not made to rest solely upon the mere issuance and publication of the proclamation, and the mere viola-

tion thereof without regard to the actual facts which the mayor had ascertained and determined. The evidence clearly shows that there was at the time of the issuance of the proclamation, and at the time of the making of the charge against the plaintiff in error, a state of riot and reasonable apprehension thereof. This being true, the judgment is that there has been no substantial prejudicial error. While the affidavit charges that plaintiff in error well knew of the issuance of the proclamation, it will be noticed that the statute does not make knowledge of that fact an essential ingredient of the offense. So that, the fact that it was charged in the affidavit, and though there may have been no proof of knowledge on his part of the issuance of the proclamation, it is an immaterial matter.

The order of the court is that the judgment of the court below be affirmed.